IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JOSEPH CARTER HILL; CARTER HILL CONSTRUCTION, LLC; ROBERT ASHLEY ROBERTS; and MELANIE WOODARD ROBERTS; | ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Associated Industries Insurance Company, Inc. ("Associated") and, for its Complaint for Declaratory Judgment, states as follows:

**NATURE OF ACTION**

1. This is a declaratory action in which Associated seeks a declaration that it does not owe a duty to defend or indemnify Joseph Carter Hill ("Hill") or Carter Hill Construction, LLC ("CHC") in connection with the underlying lawsuit filed by Robert Ashley Roberts and Melanie Woodward Roberts (sometimes collectively referred to as the "Robertses") and captioned *Robert Ashley Roberts and Melanie Woodard Roberts v. Carter Hill Construction, LLC, and Joseph Carter Hill,* which is presently pending before this Court, bearing case number 1:24-cv-00460-KD-B

1

(the "underlying lawsuit"). A true and correct copy of the Complaint in the underlying lawsuit is attached hereto as **Exhibit "A."**[1]

## PARTIES

2. Plaintiff Associated is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in New York, New York.

3. Defendant Joseph Carter Hill is a citizen and resident of the State of Louisiana.

4. Defendant Carter Hill Construction, LLC is a limited liability company organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Upon information and belief, the sole member of CHC is Defendant Joseph Carter Hill, a citizen and resident of the State of Louisiana.

5. Defendant Robert Ashley Roberts is a citizen and resident of Baldwin County, Alabama. Associated is not seeking any relief against Defendant Robert Ashley Roberts other than to bind him by the judgment in this action.

6. Defendant Melanie Woodward Roberts is a citizen and resident of Baldwin County, Alabama. Associated is not seeking any relief against Defendant Melanie Woodward Roberts other than to bind her by the judgment in this action.

---

[1] The underlying complaint was originally filed in the Circuit Court of Baldwin County, Alabama, but it was removed to this Court on or around December 10, 2024.

## JURISDICTION AND VENUE

7. An actual justiciable controversy exists between the parties pursuant to the United States Constitution and 28 U.S.C. § 2201 regarding the insurance coverage afforded to Defendants Hill and CHC.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Associated is a citizen of Florida, while the defendants are deemed to be citizens and residents of Louisiana and Alabama, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

9. Venue is proper in this Court because it is the district court for the district in which the underlying action is pending pursuant to 28 U.S.C. § 1442(a).

## FACTUAL ALLEGATIONS

10. Associated issued a Commercial General Liability ("CGL") Policy to named insured CHC at its business address in Baton Rouge, Louisiana, bearing policy number AES104954406 for the November 10, 2022 to November 10, 2023 policy period (the "CGL Policy"). A true and correct copy of the CGL Policy, with redactions, is attached hereto as **Exhibit "B."**

11. On or around November 20, 2024, the Robertses filed their Complaint in the underlying action against Hill and CHC.

12. In the underlying lawsuit, the Robertses allege that, in September 2022, they selected Hill and CHC as the homebuilder to construct their new home in Fairhope, Alabama. (Exhibit "A" at ¶ 6).

13. The Robertses further allege that Hill and CHC made eighty-one (81) separate misrepresentations in pay applications and misappropriated funds given by the Robertses for the building of their new home, finally abandoning the obligation to construct the home in accordance with the contract. (Exhibit "A" at ¶ 16, 21).

14. The Robertses further allege that Hill and CHC's work on their house was faulty. (Exhibit "A" at ¶ 27).

15. In the underlying lawsuit, the Robertses asserted the following claims against Hill and CHC arising from their work on the house: fraudulent representation, fraudulent concealment, breach of contract, negligence, and wantonness.

16. The Robertses seek damages for mental anguish, emotional anxiety, financial hardship, and punitive damages.

17. Associated is not a party to the underlying lawsuit, and the coverage issues in the present litigation are not pending in the underlying lawsuit.

18. Associated agreed to defend Hill and CHC pursuant to a full reservation of rights in the underlying lawsuit, and it is presently doing so.

19. Associated issued and delivered the CGL Policy to CHC in the State of Louisiana. Therefore, based on Alabama's choice-of-law rules, Louisiana law applies to the Policy and the coverage issues in the present case. *See Cincinnati Ins. Co. v. Girod*, 570 So. 2d 595 (Ala. 1990).

## **COUNT I – DECLARATORY JUDGMENT – ASSOCIATED DOES NOT OWE A DUTY TO DEFEND BECAUSE THE CLAIMS IN THE UNDERLYING LAWSUIT DO NOT MEET THE TERMS OF THE CGL POLICY INSURING AGREEMENT**

20. Associated re-alleges and incorporates by reference paragraphs 1-19 as if fully set forth herein.

21. Subject to its other terms and conditions, the Associated CGL Policy provides, in part:

> **SECTION I - COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1.** Insuring Agreement
>     **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:
>
>     (1) The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and
>     (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

    **b**.    This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."

        **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

        **(3)**    Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

. . .

**SECTION II – WHO IS AN INSURED**

**1.**    If you are designated in the Declarations as:

    **c.**    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, by only with respect to their duties as your managers.

. . .

**22.**    The CGL Policy includes the following definitions:

**SECTION V – DEFINITIONS**

. . .

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

17. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . .

23. The allegations in the underlying lawsuit do not meet the requirements of the Insuring Agreement of the CGL Policy.

24. The CGL Policy provides no coverage for the claims and damages asserted against Hill and CHC in the underlying lawsuit because the damages are not because of "bodily injury" or "property damage" to which the CGL Policy applies.

25. The CGL Policy provides no coverage for the claims and damages asserted against Hill and CHC in the underlying lawsuit because the damages were not cause by an "occurrence."

26. The CGL Policy does not provide coverage for the claims and damages asserted against Hill in the underlying lawsuit to the extent that Hill does not qualify as an insured under the CGL Policy.

27. Because the claims and damages asserted against CHC and Hill do not meet the requirements of the CGL Policy's Insuring Agreement, Associated does not have a duty to defend CHC or Hill in the underlying lawsuit.

28. Because the claims and damages asserted against CHC and Hill do not meet the requirements of the CGL Policy's Insuring Agreement, Associated does not have a duty to indemnify CHC or Hill in the underlying lawsuit.

## COUNT II – DECLARATORY JUDGMENT – ASSOCIATED DOES NOT OWE A DUTY TO DEFEND BECAUSE THE CLAIMS IN THE UNDERLYING LAWSUIT ARE EXCLUDED BY THE EXCLUSIONS TO CGL POLICY

29. Associated re-alleges and incorporates by reference paragraphs 1-19 as if fully set forth herein.

30. Subject to its other terms and conditions, the Associated CGL Policy includes exclusions to coverage, including, but not limited to, the following:

> **2. Exclusions**
> This insurance does not apply to:
> **a. Expected or Intended Injury**
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> . . .
>
> **j. Damage to Property**
> "Property damage" to:
>
> . . .
>
> **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
> **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
> **k. Damage To Your Product**
> "Property damage" to "your product" arising out of it or any part of it.

8

  **l.** **Damage to Your Work**

   "Property damage" to "your work" arising out of it or any part of it and included in the "products–completed operations hazard".

   This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

  **m.** **Damage To Impaired Property Or Property Not Physically Injured**

   "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

   **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

   **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

31. In addition, the CGL Policy includes the Exclusion- Punitive Damages Form NXGL 021 08 09, which states in part:

 **2.** **Exclusions**

  This insurance does not apply to:

  **Punitive Damages**

  Any claim of or indemnification for punitive or exemplary damages. If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

     . . .

32. The CGL Policy also contains the following definitions applicable to the above-referenced exclusions:

 **SECTION V – DEFINITIONS**

 . . .

8. "Impaired property" means tangible property other than "your product" or "your work", that cannot be used or is less useful because:

    a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
    b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

. . .

16. "Products-completed operations hazard":
    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)** Products that are still in your physical possession; or

        **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            **(a)** When all of the work called for in your contract has been completed.

            **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

. . .

21. "Your product"
    a. Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
            **(a)** You;
            **(b)** Others trading under your name; or

    **(c)** A person or organization whose business or assets you have acquired; and
  **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

 **b.** Includes:

  **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product", and
  **(2)** The providing of or failure to provide warnings or instructions.

 **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work"
 **a.** Means:

  **(1)** Work or operations performed by you or on your behalf; and
  **(2)** Materials, parts or equipment furnished in connection with such work or operations.

 **b.** Includes:

  **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
  **(2)** The providing of or failure to provide warnings or instructions.

. . .

33. The CGL Policy does not provide coverage for the claims and damages asserted against Hill and CHC in the underlying lawsuit because the exclusions to the CGL Policy exclude coverage.

34. Associated does not owe a duty to defend or duty to indemnify to Hill or CHC in the underlying lawsuit because any "bodily injury" or "property damage"

was expected or intended from the standpoint of the insured and Exclusion a. excludes coverage.

35. Associated does not owe a duty to defend or duty to indemnify to Hill or CHC in the underlying lawsuit because of the application of Exclusions j.(5) and (6).

36. Associated does not owe a duty to defend or duty to indemnify to Hill or CHC in the underlying lawsuit because of the application of Exclusion k.

37. Associated does not owe a duty to defend or duty to indemnify to Hill or CHC in the underlying lawsuit because of the application of Exclusion l.

38. Associated does not owe a duty to defend or duty to indemnify to Hill or CHC in the underlying lawsuit because of the application of Exclusion m.

39. Associated does not owe a duty to defend or duty to indemnify to Hill or CHC in the underlying lawsuit because of the application of Exclusion- Punitive Damages Form NXGL 021 08 09.

40. Because the claims and damages asserted against CHC and Hill are excluded by the exclusions to the CGL Policy, Associated does not have a duty to defend CHC or Hill in the underlying lawsuit.

41. Because the claims and damages asserted against CHC and Hill are excluded by the exclusions to the CGL Policy, Associated does not have a duty to indemnify CHC or Hill in the underlying lawsuit.

## REQUESTED RELIEF

WHEREFORE, Associated respectfully requests the following relief:

1. That this Honorable Court will ORDER, ADJUDGE, and DECREE that this is proper case for the relief sought herein and that there is a bona fide controversy between the parties as to their legal rights, status, and liabilities;

2. That the process of this Honorable Court be issued to Defendants as provided by law and the rules of this Court and that Defendants be ordered to respond to this Complaint within the time prescribed by law or in the event of failure to do so, suffer a decree *pro confesso*;

3. That this Honorable Court will declare the rights, status, and legal relations of Associated and Defendants under the Associated CGL Policy;

4. That this Honorable Court will order, adjudge, declare, or decree that Associated does not have a duty to defend Hill and/or CHC for the claims and damages in the underlying lawsuit;

5. That this Honorable Court will order, adjudge, declare, or decree that Associated does not have a duty to indemnify Hill and/or CHC for the claims and damages in the underlying lawsuit;

6. For such other and further relief to which Associated may be entitled, or as this Court may deem just and appropriate.

Respectfully submitted,

s/Joel S. Isenberg
Joel S. Isenberg (ASB-8855-N76J)
Melissa L. Martin (ASB-2464-D76F)
Counsel for Plaintiff Associated Industries Insurance Company, Inc.

**OF COUNSEL:**
PORTERFIELD, HARPER, MILLS,
MOTLOW & IRELAND, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, AL 35242
(205) 980-5000 / (205) 980-5001
jsi@phm-law.com
mlm@phm-law.com